CARRASQUILLO ET AL., PLAINTIFFS AND APPELLANTS, *v.* BERTRÁN ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Humacao in an Action for Invalidity of Contract and Recovery of Real Property.

No. 1690.—Decided July 15, 1918.

CONTRACT—CONVEYANCE—PARTITION—PROPERTY OF MINORS—RATIFICATION—IN-HERITANCE.—In a partition the conveyance without the authorization of the proper court of real property of a minor to another heir or to a stranger for the payment by him of the debts of the estate, which is null and void according to the jurisprudence laid down in the case of *Longpré* v. *Díaz*, 237 U. S. 512, may be lawfully confirmed, ratified or acknowledged by the minor when he attains his majority.

ID. — RATIFICATION OF CONTRACT — PROPERTY OF MINORS — AUTHORIZATION OF COURT.—The ratification or confirmation of a contract by the person in whose name it was entered into by a third person who had no authority to do so revives the contract as from the time of its execution. When a contract is made in the name of a minor without the authorization of the court, as is required, the interested minor, upon attaining his majority, may cure the defect by expressly or impliedly ratifying the contract and acknowledging its validity.

The facts are stated in the opinion.

*Mr. Manuel Tous Soto* for the appellants.

*Mr. Francisco González* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Manuel María Carrasquillo died in Humacao on July 9, 1895, leaving as heirs his legitimate children Víctor, Librada Margarita and Josefa Carrasquillo e Iraris; Caracciolo, Julián, Manuel, Luis, Monserrate, Carmen and Modesta Carrasquillo y Martínez; his natural son Manuel Carrasquillo Peña, and his widow, Carmen Martínez. A partition of the estate left by the said Carrasquillo was made in 1896 and several properties were conveyed to Juan Bertrán, defendants' predecessor in interest, in settlement of a claim which he had against Carrasquillo and in order that he might take charge of the payment of debts of the estate. When this conveyance was made the heirs Caracciolo, Julián, Manuel, Luis, Monserrate, Carmen and Modesta Carrasquillo y Martínez were minors and as the said conveyance was made with

out the authorization of the court, the defendants contend that the partition is void.

Such in brief is the ground of the complaint. The defendants admit that the conveyance was void as to the minor heirs. but maintain that it was ratified by the said heirs, with the exception of Modesta Carrasquillo y Martínez, after they became of age.

The district court rendered judgment ordering a new partition of the property conveyed to Bertrán for the payment of the debts, the defendants, Bertrán's heirs, to be considered as the lawful successors of the heirs of Carrasquillo, with the exception of Modesta, whose proportional part of the estate should be delivered to her. Practically, the judgment dismisses the complaint as to all of the plaintiffs except Modesta Carrasquillo y Martínez. The plaintiffs then took the present appeal.

In the first place, the appellants maintain that the conveyance could not be ratified because it was a contract which never had life according to law. In the second place, that the evidence of the ratification is insufficient; and in the third place, that the widow, Carmen Martínez, never renounced the rights accruing to her as a result of the death of her minor son Luis.

The question of the ratification of void contracts was considered at length in the case of *Ledesma et al.* v. *Agrait et al.,* 19 P. R. R. 541. In our opinion it is manifest that a conveyance of the property of a minor in a partition to another heir or to a stranger in order that he may assume the payment of the debts of the estate, which is void according to the jurisprudence laid down in the case of *Longpré* v. *Díaz,* 237 U. S. 512, may be ratified, confirmed, acknowledged, or given lawful life for the first time by the minor when he acquires the full capacity conferred by the attainment of his majority. Only the minor can bring suit against the grantee for the annulment of the contract. He alone can maintain as against the

grantee that such contract never had life according to law. But if instead of doing this he voluntarily acknowledges the validity of the act and ratifies it after he becomes of age, such ratification is all that is necessary to validate the voidable contract, according to sections 4, 1228, 1277 and 1278 of the Civil Code. See Tiffany on Agency, pp. 46, 48, and the case of *Drakely* v. *Gregg,* 8 Wall. (U. S.) 242, 267.

"The ratification and confirmation of a contract by the person in whose name it was executed by a third person who was not authorized to execute the same, gives legal force to the contract from the time of its execution," said the Supreme Court of Spain in its judgment of May 7, 1897, 81 *Jur. Civ.* 912. And the General Directorate of Registries of Spain, in its decision of July 26, 1905, Year Book of 1905, p. 218, said that "the lack of the court's authorization in contracts executed in the name of minors, which require such formality, is supplied when the minor interested in the contract expressly or impliedly ratifies the same upon attaining his majority and acknowledges its validity."

Having decided the first question against the appellants, we will examine the second; that is, whether or not the minors ratified the conveyance.

On December 7, 1903, the plaintiffs, who, with the exception of Modesta Carrasquillo y Martínez, had attained their majority, and Carmen Martínez, widow of Carrasquillo, executed a deed before a notary in which the following was stated:

"*First.* They acknowledge the validity and efficacy of the settlement of the estate of Manuel María Carrasquillo y López de Victoria, which is protocoled in the notarial office now under my charge under date of February 25, 1896, and therefore confirm and ratify said settlement in all its parts, giving it anew, if necessary, all the legal force required by law, including also the conveyances made.

"*Second.* They renounce in the most solemn legal manner any claim which they might have against Juan Bertrán y Casañas as a result of whatever took place in said partition and in the matter of

the conveyances referred to; and they solemnly agree at no time to set up any claim in this connection inasmuch as the credit of Juan Bertrán shown in the said settlement proceeds from debts acknowledged as just and lawful by all the parties having an interest therein, and they further acknowledge that their paternal inheritance has been fully paid and satisfied by virtue of the amounts received by each of them, and that in witness thereof they execute the necessary acquittance and discharge.''

In our opinion this clause shows plainly that the plaintiffs, with the exception mentioned, voluntarily ratified or gave lawful life for the first time to the conveyance whose nullity or invalidity they now ask the courts to adjudge.

In order to decide the third question, namely, that in any event Carmen Martínez did not ratify the conveyance in so far as concerns the interest which she inherited from her son Luis, it is necessary to consider the evidence adduced at the trial, but it is not included in the transcript of the record.

The answer to the complaint contains the general allegation that the plaintiffs executed the said deed of December 7, 1902. It does not state in what capacity Carmen Martínez participated therein. It is stated in the court's findings of fact that the heir Luis Carrasquillo died and was succeeded by his mother, Carmen Martínez, who, upon her death, was succeeded by plaintiffs Martínez Carrasquillo. Later, the fact of the execution of the said deed of December 3 by ''the now adult plaintiffs and their mother, Carmen Martínez,'' is stated.

In such circumstances the third and last of their contentions must be decided against the appellants and the judgment consequently

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice Hutchison concurred in the judgment.